**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **DELBERT LEROY OLDHAM,** | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 97-CV-0445-CVE-PJC |
| **CARL D. WHITE, Warden,** | ) ) ) |
| Respondent. | ) |

**OPINION AND ORDER**

On April 24, 2009, Petitioner, a state inmate appearing *pro se*, filed a "Rule 60(b) motion" (Dkt. # 25), and a motion to proceed *in forma pauperis* (Dkt. # 26).[1] The record for this 28 U.S.C. § 2254 habeas corpus action reflects that by Order entered July 23, 1999, the Court denied the petition. See Dkt. # 16. The Court entered Judgment in favor of Respondent on July 23, 1999. See Dkt. # 17. Petitioner appealed to the Tenth Circuit Court of Appeals. On February 23, 2000, the Tenth Circuit denied a certificate of appealability and dismissed the appeal. See Dkt. # 20.

As a preliminary matter, the Court finds that because there is no filing fee for a Rule 60(b) motion, Petitioner's motion to proceed *in forma pauperis* is unnecessary and should be declared moot.

In Lopez v. Douglas, 141 F.3d 974 (10th Cir.1998), the Tenth Circuit Court of Appeals announced a rule that treated all Fed. R. Civ. P. 60(b) motions in habeas proceedings as second or successive habeas petitions for purposes of 28 U.S.C. § 2244(b). Id. at 975. The Supreme Court

---

[1]The Court notes that Petitioner also filed a separate 28 U.S.C. § 2254 habeas corpus petition, assigned N.D. Okla. Case No. 09-CV-243-CVE-PJC, raising the same claims raised in the Rule 60(b) motion. He has also filed a motion for authorization to file a second or successive habeas petition at the Tenth Circuit Court of Appeals. That motion has been assigned Tenth Circuit Case No. 09-5060 and remains pending as of today's date.

has clarified, however, that not all Rule 60(b) motions constitute second or successive petitions. See Gonzalez v. Crosby, 545 U.S. 524 (2005). Some Rule 60(b) motions are in fact "true" Rule 60(b) motions, free from § 2244's requirements. See id. at 533. Other Rule 60(b) motions assert or reassert federal bases for relief from the underlying conviction and are properly considered second or successive habeas corpus petitions. Id. at 530-31. In Spitznas v. Boone, 464 F.3d 1213 (10th Cir. 2006), the Tenth Circuit provided guidance for applying the Gonzalez holding to Rule 60(b) motions filed in habeas corpus cases, directing as follows:

> If the district court concludes that the motion is a true Rule 60(b) motion, it should rule on it as it would any other Rule 60(b) motion. If, however, the district court concludes that the motion is actually a second or successive petition, it should refer the matter to this court for authorization under § 2244(b)(3). See 28 U.S.C. § 1631 (authorizing transfer of civil action or appeal filed without jurisdiction, in the interest of justice, "to any other court in which the action or appeal could have been brought at the time it was filed or noticed"); Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997) (per curiam). In the case of a "mixed" motion-that is, a motion containing both true Rule 60(b) allegations and second or successive habeas claims-the district court should (1) address the merits of the true Rule 60(b) allegations as it would the allegations in any other Rule 60(b) motion, and (2) forward the second or successive claims to this court for authorization.

Spitznas, 464 F.3d at 1217.

In the Rule 60(b) motion before the Court, Petitioner asserts or reasserts federal grounds for relief from his conviction entered in Washington County District Court, Case No. CRF-1992-189, and does not assert claims challenging procedural rulings by this Court. As a result, the Rule 60(b) motion is a second or successive habeas petition filed without prior authorization from the Tenth Circuit. See Gonzalez v. Crosby, 545 U.S. 524 (2005) (finding that a motion for relief from judgment, seeking to advance one or more substantive claims, qualified as a "second or successive habeas petition"); see also Lopez v. Douglas, 141 F.3d 974 (10th Cir. 1998); Felker v. Turpin, 101 F.3d 657, 661 (11th Cir. 1996) (stating that "Rule 60(b) cannot be used to circumvent restraints on

successive habeas petitions"). Because Petitioner filed his motion without first receiving authorization from the Tenth Circuit Court of Appeals, this Court lacks jurisdiction to consider the motion. Lopez, 141 F.3d at 975-76. Petitioner is required to comply with the AEDPA's relevant provisions and must obtain prior authorization from the Tenth Circuit Court of Appeals before filing a second or successive petition in this district court. 28 U.S.C. § 2244(b).

The Tenth Circuit Court of Appeals has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the appellate court stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the mater to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases)).

Upon review of Petitioner's Rule 60(b) motion, the Court finds it would be a waste of judicial resources to transfer the motion to the Tenth Circuit for authorization. Because Petitioner's motion for leave to file a second or successive petition is pending at the Tenth Circuit Court of

3

Appeals, there is no risk that a meritorious successive claim will be lost and it would be a waste of judicial resources to transfer the petition. Therefore, the Rule 60(b) motion shall be dismissed as a second or successive petition filed without prior authorization.

**ACCORDINGLY, IT IS HEREBY ORDERED that** Petitioner's Rule 60(b) motion (Dkt. # 25) is **dismissed** for lack of jurisdiction as a second or successive petition filed without prior authorization from the Tenth Circuit Court of Appeals. The motion to proceed *in forma pauperis* (Dkt. # 26) is **declared moot**.

**DATED** this 28th day of April, 2009.

                                                                                    _____
                                                                                    CLAIRE V. EAGAN, CHIEF JUDGE
                                                                                    UNITED STATES DISTRICT COURT